STATE OF MINNESOTA, *ex rel.* P. M. BABCOCK, *vs.* MAHLON BLACK.

December 21, 1875.

Constitution—Election of Judge to fill Vacancy.—The election of a judge provided for by the last clause of § 10, art. 6, of the constitution, is one which becomes necessary by reason of the happening of a vacancy. The clause does not refer to nor control elections of judges which come on in the ordinary course of electing judges, and which would have been held had no vacancy occurred.

Alternative writ of *mandamus* from this court, directed to the respondent as auditor of Hennepin county, and commanding him to issue to the relator a certificate of election as judge of probate for that county. The admitted facts of the case, as shown by the writ and answer, are stated in the opinion.

*H. R. Bigelow* and *T. R. Huddleston*, for relator

*D. A. Secombe*, for respondent.

GILFILLAN, C. J.  At the general election in November, 1873, Franklin Beebe was elected judge of probate in and for the county of Hennepin, for the term of two years, to commence on the 1st day of January, 1874.  He qualified, and held the office until October 5, 1875, when he resigned. On October 12 E. A. Gove was appointed by the governor to fill the vacancy.  At the general election in November, 1875, the people of the county voted for judge of probate, due notice having been given that a judge of probate was to be elected, and the relator received a majority of the votes cast for that office.  On his applying to the respondent, auditor of the county, for a certificate of his election, the latter declined to issue such certificate on the ground that no election for that office could be, or was, properly held at the election in November, 1875.  A peremptory writ of *mandamus*, requiring him to issue such certificate, is now asked for.

The opposition to such writ is based upon the language of § 10, art. 6, of the constitution, which reads as follows : " In case the office of any judge shall become vacant before the expiration of the regular term for which he was elected, the vacancy shall be filled by appointment by the governor until a successor is elected and qualified.  And such successor shall be elected at the first annual election that occurs more than thirty days after the vacancy shall have happened."

It is contended, on the part of the respondent, that upon a proper interpretation of the last clause of this section, in no case where the office becomes vacant within thirty days before an annual election can a judge be elected at that election, but that the election of a judge to fill the office so becoming vacant must, by reason of the vacancy occurring within the thirty days, be postponed to the annual election of the next year.  The effect of this interpretation upon the

present case would be that, although had Judge Beebe not resigned, it would have been proper, and in the ordinary course, for the people, at the election in November, to elect a judge of probate for the term of two years, yet an election at that time became improper and illegal, and the election must be postponed for one year, merely because of the act of Judge Beebe in resigning within the thirty days; and if the proposition is correct, the same effect must have followed the resignation had it been made on the morning of the day of the election.

We think this interpretation extends the provisions of the section beyond the case which was intended by the framers of the constitution. Section 7 of the article provides: " There shall be established in each organized county in the state a probate court, which shall be a court of record, and be held at such times and places as may be prescribed by law. It shall be held by one judge, who shall be elected by the voters of the county for the term of two years. " It was settled in the case of *Crowell* v. *Lambert*, 9 Minn. 283, that this did not create absolute or fixed terms of office of two years each, following each other in regular series or succession, but that whenever a judge of probate is elected it is for the term of two years, although his term may commence before that of his predecessor would, in the natural course, have expired. But the section establishes the general rule that a judge of probate shall be elected every two years, and, unless the natural course of things is interrupted, such election must be had every two years. An election within one year after the preceding election can happen only from exceptional causes.

Section 10 was put in the constitution to provide for the exceptional case of a vacancy—for a case where the regular order of terms, and of elections for such terms, is broken in upon by a vacancy before the end of a regular term for which the judge was elected, and by the necessity to elect before the election would come on under the general rule.

The election mentioned by the section is not one which comes in the regular course of such elections, as provided for by § 7, but an election which becomes necessary by the happening of the vacancy ; and in order that such an election, thus coming on at a time different from that at which a judge would, in the regular and natural course of things, be elected, shall not be had without adequate notice to the people, it is provided that a successor shall be elected at the first annual election that occurs more than thirty days after the vacancy shall have happened. This means the successor whose election is made necessary by the vacancy.

Had Judge Beebe resigned prior to the election in 1874, an election that year, if had at all, would have been had by reason of the vacancy caused by the resignation, and would have come out of the regular and natural course of such elections. As to whether the election could properly have been had that year would have been governed by the provisions of § 10. The election in 1875 was not made necessary by the happening of the vacancy, nor was it appointed by § 10. It came in the regular course, and would have been held had there been no vacancy. It was not, therefore, such an election as is contemplated by that section, and was regular.

Let a peremptory writ issue.