# McDonnell *v.* The State, *ex rel.* Jones.

### Quo Warranto.

### (Decided February 15, 1917.   74 South. 349.)

**Judges; Vacancies in Office; Holding by Appointee.**—Under Const. 1901, § 155, fixing, "except as otherwise provided in this article," term of office of judge at six years, section 156, providing for some of the Supreme Court justices elected in 1904 holding for only two years and others of them only four years, and section 158 providing that vacancies in the office of judge shall be filled by appointment, the appointee to hold his office till the next general election held at least six months after the vacancy occurs, and till his successor is elected and qualified, the successor chosen at such election to hold for the unexpired term and till his successor is elected and qualifies, however many vacancies occur during a regular term, and whenever they occur, one appointed to a vacancy can hold only to the end of the original six-year term; a successor being then elected and qualifying.

APPEAL from Madison Circuit Court.

Heard before Hon. O. KYLE.

Quo warranto by the State on the relation of Thomas W. Jones against A. McDonnell.   Judgment for relator and respondent appealed.   Affirmed.

LANIER & PRIDE and BETTS & BETTS for appellant.   SPRAGINS & SPEAKE and TAYLOR & WATTS for appellee.

ANDERSON, C. J.—Section 155 of the Constitution of 1901, "except as otherwise provided in this article," fixes the term of office of the Chief Justices and Associate Justices of the Supreme Court, circuit judges, chancellors, and judges of probate at six years.   Section 156 makes other provision as to certain of the Associate Justices of the Supreme Court to be elected in 1904, so that some of them shall hold for two and some for four years, thus fixing it so that all of them will not thereafter stand for election at the same time, but ultimately leaving the term of all of them at six years as fixed by the preceding section.   Section 158 of the Constitution of 1901 makes no change whatever, by

way of extension, curtailment, or otherwise, of the term of office as fixed by section 155. Said section 158 reads as follows: "Vacancies in the office of any of the justices of the Supreme Court or judges who hold office by election, or chancellors of this state, shall be filled by appointment by the Governor. The appointee shall hold his office until the next general election for any state officer held at least six months after the vacancy occurs, and until his successor is elected and qualified; the successor chosen at such election shall hold office for the unexpired term and until his successor is elected and qualified."

This section deals solely and entirely with vacancies and the method of filling same by restricting the appointee of the Governor, or one elected thereunder, to the filling of a vacancy to the unexpired term, and is not intended to encroach upon a new succeeding term so as to cut it down or to change the commencement and termination thereof so as to throw it out of harmony with the general system and term of all probate judges. This section succeeds section 17 of the Constitution of 1875, which old section provided for filling vacancies in the office there mentioned and who should hold under appointment from the Governor for the remainder of the term, regardless of the date that the office became vacant, and section 158 of the present Constitution changed this clause, not to extend in any manner the term so fixed by section 155, but merely to restrict the time that the appointee should hold under certain conditions and giving the people the right to fill the vacancy by an election in case the vacancy occurred over six months prior to an election. We think that this section of our organic law is plain and unambiguous, and that it deals only with vacancies and the filling of same, and cannot be so reasonably construed as to change, alter, or extend the term as fixed by section 155. The Lawler term began with his election in November, 1910, and his qualification thereunder and extended to the election and qualification of a successor at the November election in 1916, and it matters not how many vacancies occurred, or when they occurred in the Lawler term, 1910 to 1916, the appointee thereunder could, in no event, hold beyond the election and qualification of the relator Jones, who was elected at the November election, 1916. We think that it is so plain and manifest that section 158 deals only with vacancies and unexpired terms that there is little left for interpretation, and that resort to authorities of other states is not necessary, but it is

[Sewell v. Sewell, Admx.]

sufficient to state that this holding finds support in the cases of *People v. Potter*, 47 N. Y. 375, and *Babcock v. Black*, 22 Minn. 336.

The case of *Foster v. Stanford*, 149 Ala. 632, 43 South. 179, arose under a construction of section 158 of the Constitution as to the meaning of the six months there used, and when the time commenced to run, and did not involve the question here presented as the vacancy there occurred in 1906, four years before the expiration of the term for which the decedent, Beck, had been elected.

We hold that the relator, Jones, who was elected probate judge in November, 1916, is entitled to the office, and the ruling of the trial court, which would lead to this result, is affirmed. .

Affirmed.

MAYFIELD, SOMERVILLE, GARDNER, and THOMAS, JJ., concur.