PER CURIAM.
This expedited appeal, submitted on briefs and arguments of counsel on July 1, 1980, presents the issue whether a judge, appointed to a judicial office vacated by a prior appointee, may offer for election for a full term before he has completed one year in office, and such an election be valid. Immediately upon submission and after careful consideration, we issued an order affirming the judgment below which decreed that the Appellee, Judge Hartwell B. Lutz, was lawfully elected for a six-year term in the General Election of 1978, which term commenced January 16,1979, and that the Appellee, Don Siegelman, correctly ruled that the office of this Judgeship is not due to be on the General Election ballot in 1980. The opinion of this Court follows.
The issue presented is clarified by Appellant’s Statement of the Facts.[1] James C. Esco was elected as Judge of the District Court of Madison County in November of 1976 for a six-year term ending in January, 1983. Judge Esco resigned his office in May of 1977, and Daniel B. Banks, Jr., was appointed to succeed him. Judge Banks served from the day of his appointment, May 27, 1977, until September 11, 1978, when he was appointed Circuit Judge. Subsequent to his appointment to the District Court Judgeship and prior to his appointment to the Circuit Court Judgeship, Judge Banks qualified as a candidate for election to the District Court Judgeship and was so chosen the Democratic candidate for District Judge in the September, 1978, Democratic Primary Election. On September 11, 1978, subsequent to winning the Democratic Primary Election to the District Court Judgeship, Place 1, and prior to the *208 General Election of 1978, Judge Banks was appointed as Circuit Judge by the Governor.
On October 6,1978, Hartwell B. Lutz was appointed District Court Judge to fill the vacancy created by the appointment of Judge Banks to the Circuit Court. Upon the appointment of Judge Banks to the Circuit Court on September 11, 1978, his name was withdrawn as a candidate for District Judge for the General Election of 1978. On October 7,1978, one day after his appointment, the name of Hartwell B. Lutz was placed on the ballot as the Democratic candidate for the District Court Judgeship, Place 1, Madison County, Alabama, for the General Election of 1978.
In March of 1980, the Plaintiff and Thomas Woodall, Chairman of the Madison County Democratic Executive Committee, inquired of the Defendant Don Siegelman, Secretary of State for the State of Alabama, whether the District Court Judgeship, Place 1, Madison County, Alabama, would be on the September, 1980, Primary Election ballot. The Defendant Don Siegel-man replied that, in his opinion, “an election for the position of District Judge, Place 1, Madison County, will next occur in the year 1984.”
On May 30, 1980, an order was issued by the Circuit Court of Montgomery County, Alabama, in which summary judgment was granted to the Defendants, ruling that Hartwell B. Lutz had been elected to a six-year term as District Court Judge, Place 1, Madison County, Alabama, in November of 1978; thus, this appeal.
Under the particular facts of this case, then, the issue may be more specifically posed: Pursuant to the provisions of § 6.14 of Amendment 328 of the Constitution, what is the initial term of a judge appointed to fill a vacancy in a judicial office which was held by a prior appointee, not the elected judge?[2]
The parties are represented by highly competent counsel whose briefs and oral arguments have materially aided us in defining the issue and analyzing the principles pertinent to its resolution. Appellant contends:
“It . . . appears clear from a reading of Section 6.14, that a judicial appointee can only run for election to that appointed office ‘after’ he has completed one year in office. There is one exception to this one year requirement and that is when the original term ends prior to the appointee's serving one year in office. McDonnell v. State ex rel. Jones, 199 Ala. 240, 74 So. 349 (1917), provides that one appointed to a judicial vacancy can hold only to the end of the original six year term.
“Reading Section 6.14 and the McDonnell case together we see that a judicial appointee can run for election to his appointed office only ‘after’ he has served one year in office or if the original six year term expires prior to the end of the one year period of time.
“Judge Esco was elected to an original six year term in November of 1976 with said original term expiring in January of 1983. When Judge Esco resigned in May of 1977, Judge Banks was appointed to fill the vacancy and said appointment was made pursuant to Section 6.14. Judge Banks’ appointment did not create a new ‘original term’ since Judge Esco’s term had not expired and Judge Banks had not served one year in office and been elected to a new ‘original term.’ At the time Judge Banks resigned he was in the process of creating a new ‘original term’ in that he had served one year in office as the judicial appointee and he has been elected the Democratic candidate for such office. Judge Banks never completed the creation of the new ‘original term’ since he resigned prior to being elected to office . .
*209 Appellant’s position is “that the lower Court has become confused in distinguishing between Judge Esco’s original six year term and Judge Banks’ tenure as a judicial officer of that same Court [citing State ex rel. Foster v. Rice, 230 Ala. 608, 162 So. 292 (1935), which states that, ‘The term of an office, as fixed in the Constitution or statute creating the office, is not to be confused with the tenure of an officer . . .’; and § 36-3-2, Ala. Code 1975, which fixes the term of an inferior Court Judge at six years].”
In summary, then, Appellant contends that § 6.14 requires that all appointees, regardless of whether they replace an elected or an appointed judge, serve at least one year in office before an election may be held; consequently, the 1978 General Election should not have been held and was invalid. Accordingly, says Appellant, an election for District Court Judge, Place 1, Madison County, should be held in 1980.
Appellees disagree, maintaining:
“[N]o appointee can serve longer than the term of his predecessor and that Judge Banks’ term expired in January after the November 1978 election. The Circuit Court agreed with Appellees, holding that ‘. . . Lutz properly ran for election in November of 1978, not only because he was lawfully named as the Democratic nominee to replace Banks, but also because no one appointed to fill a judgeship vacancy can serve longer than the term of his predecessor.’ The Court correctly analogized to McDonnell v. State, ex rel. Jones, 199 Ala. 240, 74 So. 349 (1917), [which] held that no judicial appointee, regardless of when appointed, could serve beyond the original six year elected term established for a judicial position.”
In arguing for the applicability of McDonnell to the instant case, Appellees succinctly and accurately review the evolution of § 6.14’s precursors:
“Section 17 of the Constitution of 1875 provided for the filling of vacancies by appointment for the remainder of the elected term. There was no provision at all in the 1875 Constitution for an election pending the expiration of the original elected term. The sole consideration at that time was uniformity, i. e., elections for all judgeship positions should be held at the same time. There was no apparent objection to an appointee holding a judgeship for up to five years without an election.
“Section 158 of the Constitution of 1901 provided that vacancies in judicial offices be filled by appointment by the Governor. The appointee held office until the next general election at least six months after the vacancy occurred, and the successor chosen at such election held office for the unexpired portion of the original six year term. As can be seen by comparing the 1901 provision with the 1875 law, in 1901 two considerations became important. First, the framers of the Constitution manifested the intention that judicial offices be held by appointment for only limited periods of time. That is, the interest of the public in electing judicial officers was recognized and given force. No longer could an appointee serve four or five years without being approved by the voters. Moreover, just as in 1875, uniformity and harmony with the general system of elections was paramount. When one was elected to fill a vacancy, he was elected to fill only the remaining portion of the original six year term. In that way, all judgeship positions would be open for election on the same day every six years.
“Both the 1875 and 1901 Constitutional provisions differ dramatically from Section 6.14. Nowhere in either Section 17 of the 1875 Constitution or in Section 158 of the 1901 Constitution was it stated that an appointee serve an initial term. Pursuant to Section 6.14, of course, an appointee is expressly appointed tó his own ‘term.’ The significance of the framers’ use of the word ‘term’ is highlighted by the fact that the appointee’s term could last up to slightly less than two years.
“Perhaps even more importantly, the emphasis on uniformity and harmony in *210 the general system of elections was completely eliminated by Section 6.14. When an election is held to fill a vacancy, the elected term is no longer to complete the unexpired portion of the original six year term, but rather is for a new six year term. That is, as soon as a successor is appointed, the original six year term ends [thus staggering judgeship elections]. The only similarity Section 6.14 has with Section 158 is the framers’ continued interest in establishing an outer time limit after which an election must be held.”
From this historic perspective, Appellees contend that McDonnell’s “holding must be extended to the present facts. That is, no appointee can serve beyond the term of his predecessor in office, even if his predecessor also is an appointee.”
We agree that “[pjroper analysis leads inevitably to this conclusion.” Judge Banks’ resignation in October, 1978, left a vacancy for the balance of his term — i. e., from the date of his resignation to January 15, 1979. Had the new appointee, Judge Lutz, not run for election for a six-year term commencing January 16, 1979 (and there had been no other candidates), his appointed term would have ended and the office of this Judgeship would have been vacant as of January 16, 1979.
We hold, therefore, that the trial Court correctly decreed that Judge Hartwell B. Lutz’s present term of office expires in January, 1985, and that the office of Judgeship presently held by Judge Lutz is not subject to the 1980 general election.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES, ALMON, SHORES and EMBRY, JJ., concur.
BLOODWORTH and FAULKNER, JJ., not sitting.
BEATTY, J., recuses himself.

. For the sake of brevity and ease of recitation, we have taken the liberty of making certain abbreviations and abstractions rather than quoting verbatim from Appellant’s brief.

. § 6.14, Amendment No. 328, Constitution of Alabama of 1901, in pertinent part, reads:
“A judge, other than a probate judge, appointed to fill a vacancy, shall serve an initial term lasting until the first Monday after the second Tuesday in January following the next general election held after he has completed one year in office. At such election such judicial office shall be filled for a full term of office beginning at the end of the appointed term.”