SHORES, Justice.
This expedited appeal, submitted on briefs, presents the issue of whether a tax assessor appointed to an office vacated by a prior appointee (who had been appointed upon the death of the original, elected tax assessor) is required to stand for election at the first general election to be held six months or more after the first vacancy and appointment or whether the subsequent vacancy and appointment postpone the requirement of election until six months or more after that appointment.
In November, 1978, the Honorable Earl T. Rogers was elected and sworn in as tax assessor of Jefferson County. Mr. Rogers died in November of 1979, and the Governor appointed Clinton R. Milstead to fill the vacancy. Mr. Milstead took the oath of office in December, 1979, was commissioned in January, 1980, and served until he resigned in May, 1980. The Governor then appointed Charles H. Crim to fill the vacancy. Mr. Crim took the oath of office and received his commission in June, 1980.
Act No. 429, Section 1, of the Acts of Alabama and Appendix Section 1006, Volume 14, Code of Alabama 1958, provides for the filling of vacancies which occur in the office of tax assessor, among others, and states:
Whenever any vacancy occurs in any [elected] state or county office in any county having a population of 500,000 or more, according to the last or any subsequent federal decennial census, the vacancy shall be filed in the manner prescribed by law but any person appointed to fill any such vacancy shall hold office only until the next general election for any state officer held at least six months after the vacancy occurs, and until his successor is elected at such election and qualified. The successor chosen at such election shall hold office for the unexpired term, and until his successor is elected and qualified.
The next general election for any state office will be held on November 4, 1980.
On July 7, 1980, the chairman of the Jefferson County Republican Executive Committee filed with Jefferson County Probate Judge O. H. Florence, papers certifying Robert Thomason as the Republican nominee for Jefferson County Tax Assessor. On July 21, Judge Florence notified Thomason orally and in writing that he could not certify the general election ballot with Thomason on it because the office was not up for election.
Thomason petitioned the circuit court for an alternate writ of mandamus to require Judge Florence to place his name on the ballot. Charles Crim intervened, and the hearing was set for August 13 before Judge William C. Barber, who denied relief to Thomason and dismissed his petition. Thomason appealed to this Court contending that the legislative purpose and statutory language of Act No. 429, Section 1, and considerations of certainty and the avoidance of political abuse require the election of tax assessor in the November, 1980, general election.
We disagree and affirm the circuit court’s order dismissing the petition.
*996 It is appellant’s contention that when there are successive appointed officials, the language of the Act which requires an appointed official to run for office at “the next general election ... six months after the vacancy occurs” was intended by the legislature to refer only to the initial vacancy and appointment, not to any subsequent vacancies. In other words, it is only the death, resignation or other departure of the elected official that should concern us. We disagree. The plain and unambiguous language of the Act refers to “any person appointed to fill any such vacancy” (emphasis added). The words “any vacancy” mean just that — not “an initial vacancy by an elected official,” not “any vacancy except one caused by the departure of an appointed official,” but any vacancy. The Alabama Code of 1975, § 36-9-1, in delineating how offices are generally vacated, refers to the vacating official as “the incumbent,” not the elected incumbent nor the non-appointed incumbent. In an earlier decision, McDonnell v. State, 199 Ala. 240, 74 So. 349 (1917), we construed a provision in the Alabama Constitution for the filling of vacancies in the elected judgeships which is identical in its pertinent parts. We found the provision to “deal solely and entirely with ... the method of filling” vacancies and to be “plain and unambiguous.” 199 Ala. at 241, 74 So. at 350. Under the equally unambiguous language of Act No. 429, Crim, as an appointed official, is entitled to hold his office at least six months before being required to stand for election, as would “any person appointed to fill any such vacancy.”
The legislative intent behind Act No. 429 is undoubtedly, as appellant contends, in part a concern that vacancies in elected offices be filled by the decision of the electorate. The legislature, under its prerogative, could equally have intended to give each person holding office, whether elective or appointive, a sufficient period of time in which to give to the public serious dedicated service with continuity and purpose. Every appointed official, and not merely the first appointees, should have the opportunity to share equally in this advantage and responsibility.
In Hooper v. Siegelman, 386 So.2d 207 (Ala.1980), in construing Section 6.14 of Amendment No. 328 of the Alabama Constitution, we held that no appointee to a circuit judgeship can serve beyond the term of his predecessor in office, even if his predecessor also is an appointee. However, there are significant differences between Section 6.14 and Act No. 429 which distinguish that case from this situation.
Section 6.14 says that:
A judge . . . appointed to fill a vacancy, shall serve an initial term lasting until the first Monday after the second Tuesday in January following the next General Election held after he has completed one year in office. At such election such judicial office shall be filled for a full term of office beginning at the end of the appointed term. [Emphasis added.]
An appointee-judge under Section 6.14 must run for a full new term of office. Under Act 429, the official may run only for the unexpired term of the original, elected official.
Of course, in no event may an appointed official hold the office beyond the term of the originally elected official. Thus, if an official is appointed to fill a vacancy less than six months before the end of the full elected term, then he must stand for office at the general election which marks the end of that elective term, whether or not he has been in office six months. The term of an appointee is limited to the remaining unexpired term of the vacating official or to a period ending with the next general election held at least six months after the vacancy occurred, whichever is earlier.
Mr. Milstead’s resignation of May 31, 1980, created a vacancy which occurred five months and four days before the general election on November 4, 1980. Thus, Mr. Crim will not have held the office of tax assessor for six months as required by Act No. 429 and is not required to stand for election. We, therefore, hold that Probate Judge Florence was correct in refusing to *997 certify the ballot with Thomason’s name on it and that Circuit Court Judge Barber was correct in dismissing the petition.
AFFIRMED.
TORBERT, C. J., and JONES, EMBRY and BEATTY, JJ., concur.
MADDOX and FAULKNER, JJ., dissent.