Nelson Allen appeals from a judgment in an action filed by Jim Bennett, as Secretary of State of the State of Alabama, declaring, among other things, that Allen should not be certified on the ballot for the November 2000 general election as the Democratic Party candidate for a district court judgeship in Walker County. We affirm.
 I.
On December 1, 1999, Judge Warren Laird, Jr., resigned, creating a vacancy in the office of district court judge, place no. 1, in Walker County. Laird had been elected to that office in the November 1996 general election, and his term of office would have expired in January 2003. Governor Don Siegelman appointed Donald H. Bevill to fill the vacancy created by Judge Laird's resignation, and Bevill was sworn in on December 1, 1999.
On March 28, 2000, the Administrative Office of Courts ("AOC") sent a memorandum to the presiding judges in counties in *Page 681 
which a judicial officeholder would be required to run for election. Walker County was one of those counties. The memorandum concluded that, pursuant to § 6.14 of Amendment No. 328 to the Alabama Constitution of 1901 and other pertinent constitutional provisions, Judge Bevill's term of office would expire on January 15, 2001, and that the office Judge Bevill occupied should be included among those offices to be filled in the 2000 election. Shortly after the memorandum was issued, Nelson Allen declared his candidacy for the district court judgeship, place no. 1, and filed qualifying papers with the Alabama Democratic Party. Subsequently, Allen, Judge Bevill, and a third person, Jim Wells, qualified to run for the judgeship in the Democratic primary, which was scheduled for June 6, 2000. After Secretary of State Jim Bennett certified the candidates, the names of all three men were placed on the ballot as the Democratic Party candidates for the district court judgeship, and the ballots were printed. In the meantime, however, Judge Bevill had requested a legal opinion from the attorney general as to when his term of office expired and whether the district court judgeship, place no. 1, should, in fact, be placed on the 2000 election ballot.
On May 30, 2000, the attorney general issued an opinion, stating that, under the pertinent constitutional provisions, Judge Bevill's term of office would not, as the AOC had opined, expire in January 2001, but instead would expire in January 2003, and that, therefore, Judge Bevill was not required to run for office in the 2000 election. See Op. Att'y Gen., No. 2000-159 (2000).
However, the names of Bevill, Allen, and Wells were on the printed ballots as the Democratic Party candidates for the place no. 1 district court judgeship in Walker County when the primary election was held on June 6, 2000. Bevill and Allen were the top two Democratic vote-getters, with neither receiving more than 50% of the votes. The two then met in a run-off election, held on June 27, 2000; Allen won the run-off.[1]
Pursuant to § 17-7-1(c) and § 17-16-40, Ala. Code 1975, Secretary of State Bennett was required, by August 13, 2000, to certify to the probate judge of each county in Alabama the names of the candidates that are to appear on the ballot for the November 2000 general election. On July 7, 2000, in view of the conflicting opinions of the AOC and the attorney general as to the place no. 1 district court judgeship in Walker County and for the accuracy of the general-election ballot, Secretary of State Bennett filed a declaratory-judgment action in the Walker Circuit Court, asking that court to construe the pertinent constitutional provisions and to declare the names of those candidates who should be certified to appear on the ballot for the November 2000 general election. A specific question put to the court by the Secretary of State was: When is Judge Bevill's term of office as district court judge due to expire? After the circuit and district judges of Walker County recused themselves, this Court appointed retired Montgomery Circuit Judge William Gordon (Judge Gordon is hereinafter referred to as "the circuit court") to preside over the case.
The parties stipulated to the facts of the case. On August 9, 2000, the circuit court entered its judgment, declaring (1) that, pursuant to § 6.14 of Amendment No. 328 of the Alabama Constitution of 1901, Judge Bevill's initial term lasts until the first *Page 682 
Monday after the second Tuesday in January following the next general election after he has completed one year in office; (2) that, accordingly, Judge Bevill's term of office as district court judge, place no. 1, in Walker County does not expire until January 2003; (3) that Judge Bevill was not required to run for the district court judgeship in the 2000 election cycle; and (4) that, for the aforementioned reasons, the Secretary of State should not certify the names of any candidates for the office of district court judge, place no. 1, Walker County, on the November 2000 general-election ballot.
 II.
On appeal, Allen contends that the circuit court's construction of the pertinent constitutional provisions is incorrect and that, as the winner of the primary election, he should have been certified as the Democratic Party candidate for the district court judgeship on the November 2000 general-election ballot. Judge Bevill has filed a brief with this Court in which he argues that, because the 2000 general election has been held and the office of the district court judge, place no. 1, was not on the ballot, Allen's appeal presents a moot question and that, therefore, the appeal should be dismissed. However, because the outcome of this case could impact future elections, we hold that the interpretation of § 6.14 of Amendment No. 328 in this case — and hence this appeal — is not moot. See Griggs v. Bennett, 710 So.2d 411, 412 n. 4 (Ala. 1998), citing Moore v. Ogilvie, 394 U.S. 814, 816 (1969).
 III.
Section 6.14 of Amendment No. 328 of the Alabama Constitution of 1901 operates to fill vacancies in judicial offices. Section 6.14 provides:
 "The office of a judge shall be vacant if he dies, resigns, retires, or is removed. Vacancies in any judicial office shall be filled by appointment by the governor; however, vacancies occurring in any judicial office in Jefferson county shall be filled as now provided by amendments 83 and 110 to the Constitution of Alabama of 1901 and vacancies occurring in Shelby, Madison, Wilcox, Monroe, Conecuh, Clarke, Washington, Henry, Etowah, Walker, Tallapoosa, Pickens, Greene, Tuscaloosa, [or] St. Clair county shall be filled as provided in the Constitution of 1901 with amendments now or hereafter adopted, or as may be otherwise established by a properly advertised and enacted local law. A judge, other than a probate judge, appointed to fill a vacancy, shall serve an initial term lasting until the first Monday after the second Tuesday in January following the next general election held after he has completed one year in office. At such election such judicial office shall be filled for a full term of office beginning at the end of the appointed term."
(Emphasis added.)
The proviso in the second sentence of § 6.14 applies to judicial vacancies in several specifically listed counties, including Walker County. Allen argues, as he did in the circuit court, that the language in the proviso stating that such vacancies "shall be filled as provided in the Constitution of 1901 with amendments now or hereafter adopted" means that the term of office of a judge who, like Judge Bevill, has been appointed to fill a vacancy in a county specifically listed in § 6.14 is governed by § 158 of the Constitution of Alabama of 1901.[2]
Section 158 provides that a judge filling a vacancy shall serve until the next *Page 683 
general election following the expiration of six months after the vacancy occurred. If, as Allen urges, Judge Bevill's term of office is governed by § 158, Bevill's term was due to expire on January 15, 2001, and the office should have appeared on the November 2000 general-election ballot, with Allen, as the winner of the Democratic Party primary, certified as the Democratic Party's candidate.
Section 158, upon which Allen relies, was part of what was Article VI of the Constitution of Alabama of 1901. However, Amendment No. 328 repealed Article VI and created the Unified Judicial System.[3] SeeHornsby v. Sessions, 703 So.2d 932, 939 (Ala. 1997). Thus, Amendment No. 328, of which § 6.14 is a part, controls in this state. Id. SeeHooper v. Siegelman, 386 So.2d 207, 209-10 (Ala. 1980) (noting that § 6.14 has specifically replaced § 158). The circuit court rejected Allen's argument that § 158 governs the term of office of a judge appointed to fill a vacancy in one of the counties listed in the proviso in § 6.14 because, it said, his interpretation violated the principles of constitutional construction. Allen's interpretation, the court said, "would have the court read back into § 6.14 a section of old Article VI which amendment 328 repealed in its entirety."
"In searching for the proper construction of a constitutional provision, we must look to the language of that provision." Hornsby, supra, 703 So.2d at 939. Nothing in the language of § 6.14 suggests that § 158 of what was Article VI governs the terms of office of judges appointed to fill vacancies in the counties listed in § 6.14. The plain language of the proviso in the second sentence of § 6.14 states that judicial vacancies in the listed counties "shall be filled as provided in the Constitution of 1901 with amendments now or hereafter adopted, or as may be otherwise established by a properly advertised and enacted local law." We agree with the circuit court — and with the attorney general — that the Constitution has now been amended by Amendment No. 328, which amendment, we have stated, repealed Article VI, and with it § 158. Under the general provision of § 6.14 of Amendment No. 328, vacancies in judicial offices in Alabama "shall be filled by appointment by the governor." The language that follows that general provision in § 6.14 provides that a vacancy in a judicial office in any listed county that has not adopted an alternate process for filling judicial vacancies is also filled by appointment of the governor.[4] By also providing that judicial vacancies *Page 684 
may be filled as provided in constitutional amendments hereafter "adopted" or "as may be otherwise established by a properly advertised and enacted local law," § 6.14 contemplates procedures established by future constitutional amendment or by enactments of the Legislature that could change the process for filling judicial vacancies in one or more of the listed counties.
We also agree with the circuit court and the attorney general that the second sentence of § 6.14, which includes the proviso, governs onlythe manner in which a judicial vacancy in one of the listed counties is filled; it does not apply to the term of office of a judge appointed to fill such a vacancy. The proviso in the second sentence of § 6.14 must be read as only granting the listed counties the authority to establish a different process for filling judicial vacancies, not altering when the term of a person appointed to fill a vacancy ends or when an election to fill the vacancy must be held.[5]
With the exception of Jefferson County and two other counties specifically covered by constitutional amendments adopted subsequent to the adoption of § 6.14,[6] the third sentence of § 6.14 — which provides that a judge appointed to fill a vacancy "shall serve an initial term lasting until the first Monday after the second Tuesday in January following the next general election held after he has completed one year in office" — governs the term of office of persons appointed to fill judicial vacancies in Alabama. There is nothing in the third sentence of § 6.14 that can be construed as excepting from its operation the counties listed in the proviso in the second sentence of § 6.14. This construction of § 6.14 is dictated by its language; it also provides for some measure of uniformity in judicial appointees' terms of office.
Allen argues that this Court in Griggs v. Bennett, 710 So.2d 411 (Ala. 1998), "implicitly accepted" his interpretation of § 6.14 and recognized that § 158 of what was Article VI of the Alabama Constitution governs the term of office of a judge appointed to fill a vacancy in a county listed in the proviso. We do not agree. Although the appellants in Griggs, like Allen, made the claim that § 158 governed the terms of office of judges appointed to fill vacancies in the counties covered by the proviso in § 6.14, this Court never reached that claim in Griggs, because we found that the vacant judgeship at issue in that case did not occur in a county covered by the proviso. The question presented in Griggs was when was a person appointed to fill a vacancy in a circuit court judgeship in the Twentieth Judicial Circuit, which includes both Henry County (a county listed in the proviso in § 6.14) and Houston County (a county not listed in the proviso), required to stand for election. We held that a strict construction of the proviso in § 6.14 excludes the Twentieth Judicial Circuit from the scope of the proviso's *Page 685 
operation, because Houston County is not a listed county. "When a court is interpreting a proviso, the application of which is in doubt, general canons of construction require that the proviso be strictly construed."Griggs, 710 So.2d at 413.
Thus, Griggs does not support Allen's argument concerning Judge Bevill's term of office. Although this Court set out the appellants' argument in Griggs, we took no position in that case on the continued viability of § 158. Notwithstanding Allen's argument and the argument made by the appellants in Griggs, this Court has previously recognized that § 6.14 has replaced § 158 as the general constitutional provision with language governing the term of office of a person appointed to fill a judicial vacancy in Alabama. See Hooper v. Siegelman,386 So.2d 207, 209-10 (Ala. 1980).
Accordingly, we hold that the circuit court correctly determined that Judge Bevill's term of office does not expire until January 2003. Judge Bevill is not required to stand for election until the 2002 election.
 IV.
Allen also argues that Secretary of State Bennett should have been equitably estopped from seeking the declaratory judgment because, Allen says, he relied to his detriment on Bennett's certification of his candidacy in the Democratic Party primary and run-off and because, he says, Bennett unreasonably delayed bringing the declaratory-judgment action.
 "To establish the essential elements of equitable estoppel, [a party] must show the following:
 "(1) That `[t]he person against whom estoppel is asserted, who usually must have knowledge of the facts, communicates something in a misleading way, either by words, conduct, or silence, with the intention that the communication will be acted on;'
 "(2) That `the person seeking to assert estoppel, who lacks knowledge of the facts, relies upon [the] communication;' and
 "(3) That `the person relying would be harmed materially if the actor is later permitted to assert a claim inconsistent with his earlier conduct.'"
Lambert v. Mail Handlers Benefit Plan, 682 So.2d 61, 64 (Ala. 1996), quoting General Electric Credit Corp. v. Strickland Div. of Rebel LumberCo., 437 So.2d 1240, 1243 (Ala. 1983).
This Court has held:
 "Equitable estoppel is to be applied against a governmental entity only with extreme caution or under exceptional circumstances. First Nat'l Bank of Montgomery v. United States, 176 F. Supp. 768
(M.D.Ala. 1959), aff'd, 285 F.2d 123 (5th Cir. 1961); Ex parte Fields, 432 So.2d 1290 (Ala. 1983).
 "`Under the settled law, equitable estoppel . . . must be predicated upon the conduct, language, or the silence of the party against whom it is sought to be invoked. Said conduct, language, or silence must amount to the representation or concealment of a material fact or facts. The representation must be as to the facts and not as to the law. . . .
 "`The doctrine of equitable estoppel is not a bar to the correction . . . of a mistake of law.'
 "(Emphasis added [in Headrick Outdoor Advertising].) 176 F. Supp. at 772, quoting Automobile Club of Michigan v. Commissioner, 353 U.S. 180, 182, 77 S.Ct. 707, 709, 1 L.Ed.2d 746 (1957)."
State Highway Dep't v. Headrick Outdoor Adver., Inc., 594 So.2d 1202,1204-05 (Ala. 1992).
Secretary of State Bennett cannot be estopped from seeking the declaratory judgment in this case. The Secretary of *Page 686 
State has no authority to certify names for placement on a ballot for an election that, under the pertinent provisions of the Alabama Constitution, is not supposed to be held.
Allen also suggests that the doctrine of equitable estoppel should be applied because, he says, Secretary of State Bennett unreasonably delayed bringing the declaratory-judgment action. However, the undisputed evidence before the circuit court showed that the Secretary of State acted diligently in seeking the declaratory judgment and that he did not unreasonably delay bringing the action.
For the reasons stated above, the circuit court's judgment is due to be, and is hereby, affirmed.
AFFIRMED.
Houston, See, Lyons, Johnstone, Harwood, Woodall, and Stuart, JJ., concur.
[1] Charles R. Stephens, Jr., who was unopposed in the Republican Party primary, was the Republican Party's nominee for the place no. 1 district court judgeship.
[2] Section 158 provides:
 "Vacancies in the office of any of the justices of the supreme court or judges who hold office by election, or chancellors of this state, shall be filled by appointment by the governor. The appointee shall hold his office until the next general election for any state officer held at least six months after the vacancy occurs, and until his successor is elected and qualified; the successor chosen at such election shall hold office for the unexpired term and until his successor is elected and qualified."
[3] The preamble to Amendment No. 328 states:
 "Article VI of the Constitution of Alabama of 1901 as amended, and amendments 317 and 323 thereof, are hereby repealed and in lieu thereof the following article shall be adopted[.]"
[4] Section 6.14 also specifically provides that vacancies occurring in judicial offices in Jefferson County shall be filled as provided by Amendments No. 83 and No. 110 to the Alabama Constitution of 1901. Amendments No. 83 and No. 110 provide an alternate process — a commission nominates to the governor three qualified persons, one of whom the governor shall then appoint to fill the vacancy — for filling judicial vacancies in the Birmingham Division of the Jefferson Circuit Court. Thus, § 6.14 expressly preserves this process. Since the enactment of § 6.14, constitutional amendments applicable to Madison, Mobile, and Talladega counties have been adopted, providing for judicial vacancies occurring in those counties to be filled by a nominating-commission process similar to the process used in Jefferson County. See Amendments No. 334, No. 607, No. 408, and No. 615 to the Alabama Constitution of 1901.
[5] As the attorney general stated in Op. Att'y Gen., No. 2000-159 (2000), the proviso contained in the second sentence of § 6.14 "allows the named counties to retain the flexibility to provide, by local law, an alternate appointment process, such as a judicial nominating commission, for example."
[6] Amendments No. 83, No. 607, and No. 408 of the Alabama Constitution specifically provide that persons filling judicial vacancies in the Jefferson Circuit Court and in circuit and district courts in Madison and Mobile Counties shall serve until the next general election following the expiration of six months after the vacancy occurred.