[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10999
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 19, 2011
JOHN LEY
CLERK

D. C. Docket No. 1:09-cv-00523-KOB

U.S. BANK, NA, as successor to FDIC as
receiver for Park National Bank,

Plaintiff-Appellee,

versus

MICHAEL HOFFMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(January 19, 2011)

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Michael Hoffman appeals the district court's order granting summary judgment to U.S. Bank, N.A. (U.S. Bank) in an action alleging breach of contract involving commercial property.[1]  Hoffman contends the district court erred in granting relief because his affirmative defense of equitable estoppel creates a genuine issue of material fact as to the validity of U.S. Bank's claim.  Specifically, Hoffman claims U.S. Bank should be equitably estopped from enforcing the guaranty agreement executed by him in favor of Noble Building, LLC (Noble), because the bank's own actions and misstatements directly contributed to the default of the loan.  U.S. Bank claims Hoffman failed to make payments pursuant to the guaranty agreement after the note went into default and is now liable in the amount of $1,222,484.60.[2]  After review, we affirm the district court's grant of summary judgment.[3]

---

[1]U.S. Bank was substituted as the plaintiff for Park National Bank after the FDIC took over Park National Bank and transferred its assets to U.S. Bank.

[2]The record shows the property went into foreclosure and was later sold.  U.S. Bank contends this figure represents the deficiency amount due under the note, after deducting the foreclosure bid price and the amount held in the escrow fund, and including pre-judgment interest and attorney's fees.

[3]We review a district court's grant of summary judgment de novo, viewing all facts in the light most favorable to the non-moving party. *Willingham Sports, Inc. v. Bureau of Alcohol, Tobacco, Firearms, and Explosives*, 415 F.3d 1274, 1276 (11th Cir. 2005).

To establish the defense of equitable estoppel under Alabama law, a party must show the following:

> (1) That the person against whom estoppel is asserted . . . communicates something in a misleading way, either by words, conduct, or silence, with the intention that the communication will be acted on; (2) That the person seeking to assert estoppel, who lacks knowledge of the facts, relies upon [the] communication; and (3) That the person relying would be harmed materially if the actor is later permitted to assert a claim inconsistent with his earlier conduct.

*Allen v. Bennett*, 823 So. 2d 679, 685 (Ala. 2001) (quotations omitted).

As stated in the district court's well-reasoned order, even assuming *arguendo* that Hoffman could show the first and second elements of equitable estoppel, his defense fails because he has not shown the third element–that he would be harmed materially if U.S. Bank was permitted to assert a claim inconsistent with their earlier conduct. Although U.S. Bank allegedly refused to allow Hoffman to use escrow funds for improvements to the property, U.S. Bank's subsequent act of applying the escrow funds to the debt owed by Noble is consistent with U.S. Bank's statement that the funds would not be used for improvements because they might be needed to pay the debt. Further, Hoffman has not shown how any act or statement made by U.S. Bank is inconsistent with its instant claim seeking payment under the guaranty agreement. Thus, Hoffman has

3

failed to establish an equitable estoppel defense, and we affirm the district court's grant of summary judgment.

**AFFIRMED**.